**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VALARIE MCDUFFIE,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILADELPHIA MUSEUM OF ART,<br><br>DANIEL H. WEISS, and<br><br>ELLEN CAPLAN,<br><br>*Defendants*. | No. _____ |

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

Defendants Philadelphia Museum of Art (the "Museum"), Daniel H. Weiss ("Weiss"), and Ellen Caplan ("Caplan") (collectively, "Defendants") in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby file this Notice of Removal and remove the action entitled *Valarie McDuffie v. Philadelphia Museum of Art, et al.*, which was originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

**I.     BACKGROUND**

1.     Plaintiff Valarie McDuffie ("McDuffie") instituted this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, on May 8, 2026, under the caption *Valarie McDuffie v. Philadelphia Museum of Art, et al.*, and the Docket Number 260501176 (the "State Court Action"). A true and correct copy of McDuffie's Complaint is attached as **Exhibit A** ("Compl.").

2.      Plaintiff's Complaint in the State Court Action asserts claims under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1 to .12, and the common law.  *See* Compl. ¶¶ 37-51.  All claims arise out of the work McDuffie performed for the Museum.  *Id.* ¶¶ 17-36.

## II.    TIMELINESS OF REMOVAL

3.      As shown by the State Court Clerk's attestation on its first page, McDuffie filed her Complaint on May 8, 2026.  *See* Compl. at 1.

4.      Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed on June 3, 2026, within thirty days after Defendants first received notice of the Complaint.

## III.   VENUE

5.      Since the Court of Common Pleas of Philadelphia County, Pennsylvania, is within this Court's District, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

6.      This action is properly allocated to this Court's Philadelphia Division pursuant to 28 U.S.C. § 1441(a) and L. Civ. R. 40.1, as the State Court Action is pending in Philadelphia County.

## IV.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

7.      Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because the Parties are citizens of different states and the amount in controversy exceeds $75,000.

### A.     The Parties Are Entirely Diverse in Citizenship

8.      For individuals, citizenship is determined by a person's domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "'[T]he domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent,

2

he has the intention of returning.'" *Id.* (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).  While residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his citizenship.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile[.]"); *Horowitz v. Federal Kemper Life Assurance Co.*, 861 F. Supp. 1252, 1256 (E.D. Pa. 1994) ("Allegations of a party's residence are *prima facie* evidence of that party's citizenship.")

9.     McDuffie resides in Franklinville, New Jersey.  *See* Compl. ¶ 10.  This is *prima facie* evidence that McDuffie is a citizen of New Jersey.  *Krasnov*, 465 F.2d at 1300; *Horowitz*, 861 F. Supp. at 1256.

10.     Weiss resides in Philadelphia, Pennsylvania, and is thus a citizen of Pennsylvania.

11.     Caplan resides in Villanova, Pennsylvania, and is thus a citizen of Pennsylvania.

12.     The Museum is a Pennsylvania non-profit corporation headquartered in Philadelphia, and is thus a citizen of Pennsylvania.  *See* Compl. ¶ 11.

13.     In sum, Plaintiff is a citizen of New Jersey, while all Defendants are citizens of Pennsylvania.

**B.     <u>The Amount in Controversy Exceeds $75,000</u>**

14.     Turning to the amount in controversy, McDuffie claims that the Museum owes her $189,546, in addition to other payments and obligations.  *See* Compl. ¶ 3.

15.     Pursuant to the PWPCL, McDuffie also seeks liquidated damages equal to 25% of her alleged wage loss.  *See id.* at Prayer for Relief § (c)(2),

16.     Therefore, as pleaded, the amount in controversy substantially exceeds $75,000.

C.      **The Forum Defendant Rule Does Not Apply**

17.    While there is an exception to diversity removal—called the "forum defendant rule"—that prevents Defendants from removing the matter solely on diversity grounds, it only applies after any Defendant who is a resident of Pennsylvania has been "properly joined and served," which has yet to occur for the reasons enumerated herein. *See* 28 U.S.C. § 1441(b)(2).

18.    McDuffie has made one service attempt to date.

19.    On the afternoon of May 22, 2026, around 2:00 p.m., a process server approached the Museum's loading dock and spoke with Royal Thomas, a Shipping and Receiving Clerk.

20.    The server asked Mr. Thomas only whether he was someone who usually accepted packages (or words to that effect).

21.    After Mr. Thomas answered yes, the server simply handed him three copies of the Complaint and did nothing else.

22.    She did not ask Mr. Thomas to sign anything, ask to speak with a supervisor, or ask to speak with anyone authorized to accept service for the Museum, let alone inquire into whether Mr. Thomas was authorized to accept service for the Museum, much less confirm that he was.

23.    After doing nothing more than handing over the papers, the server immediately departed without any further inquiry.

24.    All three copies of the Complaint given to Mr. Thomas were identical.

25.    Neither Weiss nor Caplan has been personally served.

26.    McDuffie has not properly served the Museum, as Mr. Thomas is not an executive, officer, partner, trustee, person in charge of a place of business, or authorized agent of the Museum pursuant to Pa. R.C.P. 424.

4

27. Likewise, McDuffie has not properly served Weiss or Caplan, as the Pennsylvania Rules of Civil Procedure do not permit service on an individual "care of" that individual's employer. *See* Pa. R.C.P. 402.

28. Indeed, since McDuffie chose not to personally serve Weiss and Caplan, the only potential acceptable method of service here is "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R.C.P. 402(a)(2)(iii).

29. Consistent with the above discussion, Mr. Thomas was not the "person in charge" of the Museum's place of business at the time of McDuffie's service attempt, nor is he an authorized agent of either Mr. Weiss or Ms. Caplan.

30. Thus, McDuffie has not made good service on the individual Defendants either.

31. In short, since McDuffie has not properly served any of the Defendants to date, the forum defendant rule does not apply.

32. Defendants' position is well-established and supported by recent decisions within this District and by the Third Circuit Court of Appeals. *See, e.g.*, *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (explaining that Section 1441's "properly joined and served" language "permit[s] an in-state defendant to remove an action by delaying formal service of process"); *Hill v. Stadium Casino Re LLC*, No. 24-cv-5052, 2024 U.S. Dist. LEXIS 194112, at *5 (E.D. Pa. Oct. 25, 2024) ("[A] forum defendant can remove to federal court when there is complete diversity among the parties, before they have been properly served."); *Huskic v. Ad Express Trucking LLC*, 791 F. Supp. 3d 565, 2025 WL 1933714, at *4 (E.D. Pa. July 14, 2025) (recognizing the Third Circuit's conclusion that the forum defendant rule gives defendants an advantage in a race-to-the-courthouse removal scenario).

33.    Accordingly, removal of this action is proper under 28 U.S.C. § 1441.

V.    **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

34.    In compliance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendants is attached hereto.  *See* Ex. A.

35.    A copy of the docket maintained for this matter in the Court of Common Pleas of Philadelphia County, Pennsylvania, is attached hereto as **Exhibit B**.

36.    In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice thereof to McDuffie.

37.    In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, in the form attached hereto as **Exhibit C**.

38.    Defendants consent to and file this Notice without waiving any defenses to the claims asserted by McDuffie, without conceding that McDuffie has stated claims upon which relief may be granted, and without conceding that McDuffie is entitled to any damages or other relief whatsoever.

**WHEREFORE**, Defendants respectfully request that the United States District Court for the Eastern District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, and direct that the Court of Common Pleas have no further jurisdiction over this matter unless and until this case is remanded.

Respectfully submitted,

**COZEN O'CONNOR**

Dated: June 3, 2026

*/s/ Daniel L. Blanchard*
Daniel L. Blanchard (PA No. 311479)
dblanchard@cozen.com
Daniel F. Thornton (PA No. 318431)
dthornton@cozen.com
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103-7325
215-665-2000

*Counsel for The Philadelphia Museum of Art, Daniel H. Weiss, and Ellen Caplan*

7

## **CERTIFICATE OF SERVICE**

I certify that on June 3, 2026, I caused a copy of the foregoing document to be served on

the following counsel of record via electronic and overnight mail:

Stephen C. Goldblum, Esquire
sgoldblum@sogtlaw.com
**SEMANOFF ORMSBY GREENBERG & TORCHIA LLC**
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
215-887-0200

*Counsel for Plaintiff, Valarie McDuffie*


*/s/ Daniel L. Blanchard*
Daniel L. Blanchard