# EXHIBIT A

**TO THE NOTICE OF REMOVAL**
*ORIGINAL COMPLAINT FILED*

SEMANOFF ORMSBY
 GREENBERG & TORCHIA, LLC
BY:   Stephen C. Goldblum, Esquire
Attorney I.D. No. 83927
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200
sgoldblum@sogtlaw.com



ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| VALARIE MCDUFFIE<br>107 Saint Anthony Lane<br>Franklinville, NJ 08322 | :    PHILADELPHIA COUNTY<br>:<br>:    COURT OF COMMON PLEAS<br>:<br>:<br>Plaintiff,      :<br>:    No.:<br>v.      :<br>:<br>PHILADELPHIA MUSEUM OF ART      :<br>2600 Benjamin Franklin Parkway      :<br>Philadelphia, PA 19130      :<br>and      :<br>DANIEL H. WEISS, Individually      :<br>c/o Philadelphia Museum of Art      :<br>2600 Benjamin Franklin Parkway      :<br>Philadelphia, PA 19130      :<br>and      :<br>ELLEN CAPLAN, Individually      :<br>c/o Philadelphia Museum of Art      :<br>2600 Benjamin Franklin Parkway      :<br>Philadelphia, PA 19130      :<br>Defendants.      :<br>: |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o |

Case ID: 260501176

further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
(215) 238-6333
TTY (215) 451-6197

notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 / TTY (215) 451-6197

Case ID: 260501176

4901-5052-4326, v. 1

SEMANOFF ORMSBY
 GREENBERG & TORCHIA, LLC
BY:  Stephen C. Goldblum, Esquire
Attorney I.D. No. 83927
2617 Huntingdon Pike
Huntingdon Valley, PA  19006
(215) 887-0200                                    ATTORNEYS FOR PLAINTIFF
sgoldblum@sogtlaw.com

| | | |
|---|---|---|
| VALARIE MCDUFFIE | : | PHILADELPHIA COUNTY |
| 107 Saint Anthony Lane | : | |
| Franklinville, NJ 08322 | : | COURT OF COMMON PLEAS |
| | : | |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| PHILADELPHIA MUSEUM OF ART | : | |
| 2600 Benjamin Franklin Parkway | : | |
| Philadelphia, PA 19130 | : | |
| and | : | |
| DANIEL H. WEISS, Individually | : | |
| c/o Philadelphia Museum of Art | : | |
| 2600 Benjamin Franklin Parkway | : | |
| Philadelphia, PA 19130 | : | |
| and | : | |
| ELLEN CAPLAN, Individually | : | |
| c/o Philadelphia Museum of Art | : | |
| 2600 Benjamin Franklin Parkway | : | |
| Philadelphia, PA 19130 | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff, Valarie McDuffie, through her attorneys Semanoff Ormsby Greenberg & Torchia, LLC, hereby files this Complaint against Defendants, Philadelphia Museum of Art, Daniel H. Weiss and Ellen Caplan and in support thereof avers as follows:

Case ID: 260501176

4901-5052-4326, v. 1

## I.    **INTRODUCTION**

1.     Plaintiff Valarie McDuffie (**"Plaintiff"** or **"Ms. McDuffie"**), the former Chief Financial Officer of the Philadelphia Museum of Art (**"Museum"**), was brought in to help stabilize one of the nation's leading cultural institutions during a period of internal turmoil. She did exactly that - she performed her duties faithfully, safeguarded the Museum's finances, and was never accused of any misconduct whatsoever.

2.     Yet, when the Museum descended into a power struggle that culminated in the ouster of its former CEO, Sasha Suda, Ms. McDuffie became collateral damage.

3.     In January 2026, in the aftermath of that leadership crisis, the Museum entered into a binding severance agreement with Ms. McDuffie. In exchange for her resignation, and a release of all potential legal claims against the Museum, the Museum promised to pay her administrative leave compensation and severance pay equal to $189,546 and the payment of monthly COBRA premiums through June 30, 2026.

4.     The Museum got everything it wanted. McDuffie stepped down, gave up her legal rights, and stood ready to honor her obligations. Then Defendants refused to pay.

5.     Defendants - including the Museum, its Director and CEO Daniel H. Weiss (**"Weiss"**), and its Board Chair Ellen Caplan (**"Caplan"**) - made a conscious, coordinated decision to withhold administrative leave pay and severance compensation that had already been earned. They did not do so because Ms. McDuffie breached the Agreement, but instead did so for reasons of spite and retaliation.

6.     To justify their unwillingness to pay her, Defendants manufactured a pretext that Ms. McDuffie had failed to "cooperate" with an internal investigation. That claim is false. Ms. McDuffie complied with all of her obligations and at all times remained willing to provide

Case ID: 260501176

reasonable cooperation. What she refused to do - and was never required to do - was to submit to shifting, undefined, and extra-contractual demands manufactured to create her alleged breach of the terms of the severance agreement.

7.    Having secured the benefit of Ms. McDuffie's resignation and release, Defendants attempted to rewrite the deal after the fact. They invoked a vague "cooperation" clause not as a legitimate contractual condition, but as a weapon - an after-the-fact excuse to avoid their contractual obligations to pay what they owed.

8.    Pennsylvania law squarely prohibits this kind of conduct. Not only has the Museum breached its contractual obligations to Ms. McDuffie, the Pennsylvania Wage Payment and Collection Law imposes personal liability on those who control the payment of wages and choose not to pay them. Defendants Weiss and Caplan exercised that control. They made the decision to withhold McDuffie's compensation. And they did so knowingly, willfully, and without lawful justification.

9.    Ms. McDuffie brings this action to recover the compensation Defendants wrongfully withheld, to obtain the statutory penalties the law provides, and to hold Defendants - both the institution and the individuals who made the decision to deprive Ms. McDuffie of the compensation due to her - accountable for their wrongful conduct.

## II.    PARTIES

10.    Plaintiff, Valarie McDuffie, is an adult individual residing at 107 Saint Anthony Lane, Franklinville, NJ. 08322.

11.    Defendant, Philadelphia Museum of Art, is a Pennsylvania nonprofit corporation headquartered at 2600 Benjamin Franklin Parkway, Philadelphia, PA 19130.

4901-5052-4326, v. 1

12.     Defendant, Daniel H. Weiss, is an adult individual who served as Director and Chief Executive Officer of the Museum during all or part of the relevant period and exercised direct authority over executive compensation and personnel decisions, including severance determinations.

13.     Defendant, Ellen Caplan, is an adult individual who served as Chair of the Board of Trustees of the Museum during all or part of the relevant period and exercised ultimate governance authority over executive compensation decisions, including approval, denial, and rescission of severance payments.

## III.     JURISDICTION AND VENUE

14.     This Court has jurisdiction pursuant to 42 Pa. Cons. Stat. Ann. § 931(a).

15.     Venue is proper in Philadelphia County against the Museum pursuant to Pa. R. Civ. P. 2179(a) because it transacts business in, and the transactions and occurrences giving rise to this action were made in Philadelphia County.

16.     Venue is proper in Philadelphia County against Weiss and Caplan pursuant to Pa. R. Civ. P. 1006(a) because the individuals may be served within Philadelphia County; and the transactions and occurrences giving rise to the cause of action were made in Philadelphia County.

## III.     FACTUAL ALLEGATIONS

### Plaintiff's Employment and Entitlement To Compensation

17.     Ms. McDuffie served as Chief Financial Officer of the Museum beginning in June 2023.

Case ID: 260501176

4901-5052-4326, v. 1

18.     Ms. McDuffie was responsible for, among other financial duties, oversight of the Museum's financial operations, budgeting, internal financial controls and operations.

19.     Ms. McDuffie performed her duties faithfully, competently, and at all times safeguarded the Museum's finances.

20.     Ms. McDuffie was never accused of any misconduct whatsoever.

**The Museum's Governance Breakdown and Leadership Conflict**

21.     In 2022, Sasha Suda, a reform-oriented leader, was brought in as the Museum's CEO following internal scandals, labor unrest, and declining public engagement.

22.     From 2022 through 2025 ongoing friction developed between Ms. Suda and a controlling faction of the Board of Trustees

23.     That faction exercised direct influence over executive decision-making and ultimately directed the termination of then-CEO Sasha Suda in November 2025.

24.     Following Ms. Suda's termination, senior leadership and the Board of Trustees focused internal scrutiny on executives who had served under Suda, including Ms. McDuffie, and the decision was made for the Museum to part ways with those individuals.

**The Severance Agreement and Earned Compensation**

25.     On January 16, 2026, Ms. McDuffie and the Museum entered into an Agreement and General Release (**"Severance Agreement"**). A copy of the Severance Agreement is attached as Exhibit A.

26.     The Agreement stated Ms. McDuffie's last day of employment with the Museum would be March 27, 2026 and required the Museum to pay Ms. McDuffie administrative leave pay, severance compensation, and the payment of COBRA premiums in exchange for standard post-employment obligations.

Case ID: 260501176

4901-5052-4326, v. 1

**Defendants' Bad Faith Refusal to Pay to The Severance Payment**

27.    After inducing Ms. McDuffie to enter into the Severance Agreement and obtain her resignation, Defendants refused to pay Ms. McDuffie for her administrative leave, the severance owed, and the COBRA premiums.

28.    Defendants Weiss and Caplan, acting individually and in their official capacities, directed, authorized, or ratified the decision to withhold such payments.

29.    Defendants falsely claimed Plaintiff failed to "cooperate" with an internal investigation as a pretext for nonpayment.

30.    That asserted justification is false and was manufactured after the Severance Agreement was executed.

31.    Defendants used alleged "non-cooperation" as a post hoc excuse to avoid paying earned compensation once Ms. McDuffie had waived her legal rights against the Museum and her resignation had been procured.

32.    Ms. McDuffie complied with all reasonable obligations under the Agreement and was willing to do so at all times.

**WPCL Liability of Individual Defendants**

33.    Defendants Weiss and Caplan have control over the decision to pay or withhold wages and severance compensation.

34.    Defendants Weiss and Caplan:

a.    Participated in, approved, directed, or ratified the Severance Agreement; and/or

b.    Exercised authority over whether severance payments to Ms. McDuffie would be issued or withheld.

Case ID: 260501176

35. At all times relevant, Defendants Weiss and Caplan had authority to:

    a.    Approve executive compensation including severance pay; and

    c.    Control or veto payment decisions.

36. Accordingly, Defendants Weiss and Caplan qualify as "employers" under the Pennsylvania Wage Payment and Collection Law (**"WPCL"**) and are jointly and severally liable for unpaid wages.

## COUNT I
## BREACH OF CONTRACT
## (AGAINST THE MUSEUM)

37. Plaintiff incorporates all preceding paragraphs.

38. The Severance Agreement is a valid and enforceable contract.

39. Ms. McDuffie performed all obligations required under the Severance Agreement.

40. The Museum materially breached the Severance Agreement by failing to pay the required administrative leave pay and severance compensation owed, in addition to the other benefits set forth in the Severance Agreement.

41. The Museum's asserted justification of "non-cooperation" is false, pretextual, and legally insufficient.

42. The Museum's breach of the Severance Agreement was intentional and undertaken in bad faith.

## COUNT II
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
## (AGAINST THE MUSEUM)

43. Plaintiff incorporates all preceding paragraphs.

4901-5052-4326, v. 1

Case ID: 260501176

44.    The Museum was obligated to act in good faith in administering the Severance Agreement.

45.    The Museum breached this duty by:

a.    Inducing Ms. McDuffie to sign the Severance Agreement it intended to or wrongfully determined not to honor;

b.    Manufacturing post hoc cooperation requirements;

c.    Using those fabricated requirements to deny payment to Ms. McDuffie; and

d.    Depriving Ms. McDuffie of the benefit of her bargain and her contractual entitlements set forth in the Severance Agreement.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW(43 P.S. § 260.1 et seq.)**
**(AGAINST ALL DEFENDANTS)**

46.    Plaintiff incorporates all preceding paragraphs.

47.    The administrative leave pay and severance compensation set forth in the Severance Agreement constitute wages and earned compensation under the WPCL.

48.    Defendants failed to pay the wages due and owing to Ms. McDuffie without lawful justification.

49.    Defendants Weiss and Caplan:

a.    Exercised control over wage payment decisions;

b.    Participated in or directed the withholding of Plaintiff's severance; and

c.    Are individually liable as "employers" under the WPCL.

4901-5052-4326, v. 1

50.    Defendants' refusal to pay was willful and in violation of the WPCL.

51.    Plaintiff is entitled to:

a.    Unpaid wages;

b.    Liquidated damages of 25% of the unpaid wages;

c.    Attorneys' fees and costs; and

d.    All other statutory relief.


WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally

for:

a.    Breach of contract damages;

b.    Damages for breach of the covenant of good faith;

c.    WPCL damages including:

1.    Unpaid wages including administrative leave compensation and severance pay;

2.    Liquidated damages;

3.    Attorneys' fees and costs;

d.    The cost of the unpaid COBRA premiums;

e.    Pre-and post-judgment interest; and

f.    Such other relief as the Court deems just and proper.

Case ID: 260501176

4901-5052-4326, v. 1

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC

BY:    _____
STEPHEN C. GOLDBLUM, ESQUIRE
2617 Huntingdon Pike
Huntingdon Valley, PA
Telephone: 215-887-02
Facsimile:  215-884-3500
E-Mail: sgoldblum@sogtlaw.com

*Attorneys for Plaintiff*

Case ID: 260501176

4901-5052-4326, v. 1

## VERIFICATION

I, Valarie McDuffie, verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

_____
VALARIE MCDUFFIE

Date: 5/1/2026

Case ID: 260501176

# EXHIBIT A

Case ID: 260501176

## AGREEMENT AND GENERAL RELEASE

The Philadelphia Museum of Art (the "Museum") and Valarie McDuffie ("you"), who resides at 107 Saint Anthony Lane, Franklinville, Gloucester County, NJ 08322 agree to the terms and conditions of this Agreement and General Release ("Agreement"), dated January 16, 2026, as set forth below:

1.  Separation from Employment.

(a)    Your last day of employment with the Museum will be March 27, 2026 ("Separation Date"), and after that date you shall not represent yourself as being an employee, officer, agent or representative of the Museum for any purpose. As of your Separation Date, you shall not be eligible to participate in, or be covered by, any employee benefit plan or program offered by or through the Museum, and you shall not receive any benefits or payments from the Museum, except as otherwise provided in this Agreement, under the terms of applicable benefits plans, or by law. Additionally, as of your Separation Date, you will no longer have authorization to incur any expenses on behalf of the Museum.

(b)    Without regard to whether you sign this Agreement, you will receive your pay through your Separation Date and payment for up to 140 hours of your accrued/unused vacation and up to 35 hours of your accrued/unused personal time off through your Separation Date, less applicable taxes and withholdings. Information about your benefits and right to continue or convert your insurance coverage, including your eligibility to extend your health benefits at your own cost (except as provided in section 2(a) below) under the federal law called COBRA, will be mailed to you. You will be reimbursed for any approved business expenses incurred through your Separation Date and submitted for reimbursement by you in accordance with the Museum's expense reimbursement policy.

2.    Consideration. In exchange for your timely signing and not revoking this Agreement and releasing and waiving claims that you may have against the Museum and/or other Released Parties (as defined below), and your compliance with other terms and conditions of this Agreement, then following the Effective Date of this Agreement (as defined below), the Museum agrees to provide you the following payment, which you acknowledge and agree exceed any payment, benefit, or other thing of value to which you might otherwise be entitled under any policy, plan or procedure of the Museum and/or any prior agreement, understanding or arrangement between you and the Museum:

(a)    You will receive payment equal to the total gross amount of $144,691.60, less applicable taxes and withholding deductions, which will be paid in a lump sum within twenty-one (21) days following the Effective Date of this Agreement. Payment will be subject to all applicable tax withholdings and other usual payroll deductions. In addition, if you timely elect to continue your medical, dental and/or vision coverage through COBRA, the Museum agrees to pay your monthly COBRA premiums for such coverage until June 30, 2026.

3.    Release of Claims and Waiver of Damages.

(a)    In consideration for the payment to be provided to you pursuant to paragraph 2 above and other valuable consideration, and except as provided below, you, for yourself and for your

1

Case ID: 260501176

heirs, executors, administrators, trustees, legal representatives, successors and assigns forever release and discharge the Museum and any and all of the Museum's past and present parents, subsidiaries, affiliates, successors and assigns, and its and their respective past and present officers, directors, employees, agents, attorneys, and employee benefit plans and their administrators and trustees, in their individual and official capacities, (the "Released Parties"), from any and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, which you ever had, now have, or may have against any of the Released Parties by reason of any act, omission, transaction, practice, plan, policy, procedure, conduct, occurrence, or other matter, up to and including the date you sign this Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to all claims under, without limitation, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Older Workers Benefit Protection Act, the Americans with Disabilities Act (ADA), Sections 1981 through 1988 of Title 42 of the United States Code, the National Labor Relations Act (NLRA), the Employee Retirement Income Security Act (ERISA), all claims under the Family and Medical Leave Act (FMLA) and other federal, state and local leave and sick time laws, all claims under the Workers Adjustment and Retraining Notification (WARN) Act and similar state and local laws, all claims under any whistleblower protection law, all claims under the Pennsylvania Human Relations Act, the Pennsylvania Whistleblower Law, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, the Pennsylvania Military Affairs Act, the Pennsylvania laws governing jury duty leave, witness/crime victim leave, military leave, and emergency response leave, the Philadelphia Fair Practices Ordinance, the Philadelphia Wage Equity Ordinance, the Philadelphia Wage Theft Ordinance, the Philadelphia Employee Protections in Connection with COVID-19 Emergency Health Order law, and claims for retaliation under the Pennsylvania Medical Marijuana Act; all claims of discrimination, harassment, and retaliation in connection with your employment, the terms and conditions of such employment and your separation from employment under any federal, state and local fair employment, non-discrimination or civil rights law or regulation; all claims sounding in tort or breach of contract (express or implied), wrongful discharge, whistleblowing, detrimental reliance, defamation, emotional distress or compensatory and/or punitive damages; and all claims for attorneys' fees, costs, disbursements and/or the like. All of the above statutes as amended.

(b)     You further agree, to the maximum extent permitted by law, that you will not, at any time hereafter, commence, maintain, prosecute in as a party, or permit to be filed by any other person on your behalf, any action or proceeding of any kind (judicial or administrative) (on your own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of person) in any court or agency, or participate in any action, suit or proceeding (unless compelled by legal process or court order), against the Released Parties with respect to any claim released herein. You further warrant and represent that as of the date you sign this Agreement, you have not taken or engaged in any of the acts described in the foregoing sentences. If, notwithstanding the foregoing promises, you violate this paragraph 3, you shall be required, to the maximum extent permitted by law, to indemnify and hold harmless the Released Parties from and against any and all demands, assessments, judgments, costs, damages, losses and liabilities, and attorneys' fees and other expenses which result from, or are incident to, such violation. Except as provided in the first sentence of this paragraph 3(b), nothing in this paragraph 3(b) is intended or should be construed to apply to any claim pursuant to the federal Age Discrimination in Employment Act (ADEA).

4.     Claims Not Released. You are not releasing:  claims arising after you sign this

2

Case ID: 260501176

Agreement; claims related to enforcement of this Agreement; any rights or claims you may have to workers' compensation or unemployment benefits (which claim for unemployment the Museum will not contest); claims for accrued, vested benefits under any employee retirement plan of the Museum or for reimbursement under any group health or disability plan in which you participated in accordance with the terms of such plans and applicable law; and/or any claims or rights which cannot be waived by law.

5.      Affirmations.  You agree that you have been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, severance or termination pay, commissions, notice period, and/or benefits to which you may have been entitled and that no other remuneration or benefits are due to you, except as set forth in this Agreement.  You affirm that you have had no known workplace injuries or occupational diseases.  You also represent that you have disclosed to the Museum any information you have concerning any fraudulent or unlawful conduct involving the Released Parties.

6.      Non-Disparagement.  You agree that, except as set forth in paragraph 11 below, you will not disparage or encourage or induce others to disparage any of the Released Parties and/or any of the Museum's products, services, donors, and visitors. For the purposes of this Agreement, the term "disparage" includes, without limitation, comments or statements on the internet, to the press and/or media, to any Released Party or to any individual or entity with whom any of the Released Parties have a business relationship which would adversely affect in any manner (i) the conduct of the business of any of the Released Parties (including, without limitation, any business plans or prospects) or (ii) the business reputation of the Released Parties.  The Museum will instruct Ellen Caplan, Osagie Imasogie, Tac Justi, Ira Brind, Orlando Esposito, Kemel Dawkins, Mark Rubenstein, David Seltzer and Daniel Weiss not to disparage you to third parties.

7.      Employment Verification.  You agree to refer all requests for references from prospective employers to the Museum's Human Resources department, who will provide only dates of employment, last position held and, if requested by you in writing, your salary as of your Separation Date. Mr. Weiss agrees to provide a letter of reference.

8.      Confidentiality of this Agreement.  You agree that, except as set forth in paragraph 11 below, you have not and in the future will not disclose to any other person or entity (directly or indirectly) the terms and conditions of this Agreement and the facts and circumstances leading up to this Agreement without the prior written consent of the Museum, except (a) as may be required pursuant to a valid subpoena, a request by a government agency in connection with any charge filed, investigation or proceeding or as otherwise required by law  and (b) to your immediate family members, financial advisors and attorneys, provided that you first inform them of the confidentiality of this Agreement and they agree to maintain its confidentiality. You further agree not to solicit or initiate any demand by others not party to this Agreement for any disclosure of the terms and conditions of this Agreement.

9.      Confidential and Proprietary Information. You acknowledge that during the course of your employment with the Museum, you have had access to confidential and proprietary information relating to the Museum and/or the Released Parties that is not generally known by persons not employed by the Museum and that could not easily be determined or learned by someone outside of the Museum. This information includes, without limitation, trade secrets, donor lists, confidential

3

Case ID: 260501176

donor and visitor information, financial information, passwords, and personnel and policy information ("Confidential Information"). You understand and agree that, except as set forth in paragraph 11 below, you are legally required to protect the confidentiality of Confidential Information regardless of whether you sign this Agreement, and you agree not to disclose or use any Confidential Information at any time in the future, except as authorized by the Museum or as required by law. Notwithstanding the foregoing, non- compliance with the disclosure provisions of this Agreement shall not subject you to criminal or civil liability under any federal or state trade secret law for the disclosure of a Museum trade secret: (i) in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney in confidence solely for the purpose of reporting or investigating a suspected violation of law; (ii) in a complaint or other document filed in a lawsuit or other proceeding, provided that any complaint or document containing the trade secret is filed under seal; or (iii) to an attorney representing you in a lawsuit for retaliation by the Museum for reporting a suspected violation of law or to use the trade secret information in that court proceeding, provided that any document containing the trade secret is filed under seal and you do not disclose the trade secret, except pursuant to court order.

10.    Cooperation and Notification of Legal Process. You agree that you will cooperate with the Released Parties and their respective counsel in connection with any investigation or litigation relating to any matter that occurred during your employment in which you were involved or of which you have knowledge. You further agree that, in the event you are subpoenaed by any person or entity which in any way relates to your employment with the Museum, you will give prompt written notice of such request to the Museum's General Counsel, Rebecca Wui (or her successor). Nothing in this provision shall preclude you from timely responding to a valid subpoena.

11.    Reservation of Rights. Nothing in this Agreement or any of the provisions above shall be construed to prevent or limit you from (i) responding truthfully to a valid subpoena; (ii) filing a charge or complaint with, or participating in any investigation conducted by, a governmental agency including the Department of Labor, the National Labor Relations Board, the Occupational Safety and Health Administration, the Equal Employment Opportunity Commission and/or any state or local human rights agency; (iii) filing, testifying or participating in or otherwise assisting in a proceeding relating to, or reporting, an alleged violation of any federal, state or municipal law relating to fraud, or making other disclosures that are protected under the whistleblower provisions of federal or state law or regulation; or (iv) filing or disclosing any facts necessary to receive unemployment insurance, Medicaid, or other public benefits to which you are entitled. Prior authorization of the Museum shall not be required to make any reports or disclosures under this paragraph 11 and you are not required to notify the Museum that you have made such reports or disclosures. Nevertheless, you acknowledge and hereby agree that by virtue of the Release set forth in paragraph 3 above, you have waived any relief available to you (including without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived in this Agreement. Therefore, except as set forth herein, you agree that you will not seek or accept any award or settlement from any source or proceeding (including but not limited to any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. This Agreement does not, however, waive or release your right to receive a monetary award from the Securities and Exchange Commission ("SEC") for information provided to the SEC.

12.    Return of Property. You represent that you have returned (or will return) to the

4

Case ID: 260501176

Museum all property belonging to the Museum, including but not limited to laptops, tablets, mobile phones, user names, passwords, voicemail codes, phone cards, Museum credit cards, keys or other building access methods, and any confidential business information and documents (including all copies). You further acknowledge and agree that the Museum shall have no obligation to make the payment referred to in paragraph 2 above unless and until you have satisfied all your obligations pursuant to this paragraph.

13.    No-Admission of Wrongdoing. The making of this Agreement is not intended, and shall not be construed, as an admission that the Museum or any of the Released Parties have violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any wrongdoing whatsoever against you or otherwise.

14.    Severability and Interpretation. If any provision of this Agreement (or aspect of any provision) is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision (or aspect of any provision) shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible; provided, however, if the release and waiver above is deemed to be illegal, void or unenforceable, you agree, to enter into a valid release satisfactory to the Museum, or at your option, to return the amounts received as consideration for this Agreement. Further, if a court should determine that any portion of this Agreement is overbroad or unreasonable, such provision shall be given effect to the maximum extent possible by narrowing or enforcing in part that aspect of the provision found overbroad or unreasonable. Should any provision of this Agreement require interpretation or construction, it is agreed by the parties that the entity interpreting or constructing this Agreement shall not apply a presumption against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the document.

15.    Binding Effect. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

16.    Governing Law and Enforcement. This Agreement shall, for all purposes, be construed, governed and enforced in accordance with the laws of the Commonwealth of Pennsylvania without regard to Pennsylvania's principles of conflicts of law. Additionally, any action to enforce the terms of this Agreement shall be commenced in, and both parties consent to personal jurisdiction in, Philadelphia, Pennsylvania.

17.    Entire Agreement. You agree that this Agreement constitutes the complete understanding between the Museum and you, supersedes any and all agreements, understandings, and discussions, whether written or oral, between you and any of the Released Parties with respect to the subject matter herein, and you agree that you are not relying on any promises or representations not contained in this Agreement. No other promises or agreements shall be binding unless in writing and signed by both the Museum and you after the Effective Date of this Agreement.

18.    Acceptance and Effective Date.

(a)    You have twenty-one (21) days from receipt of this Agreement to consider it and may sign it any time after your Separation Date up to and including the twenty-first day after you

5

Case ID: 260501176

received it. You agree that any modification to this Agreement, material or otherwise, does not restart, extend, or effect in any way the original twenty-one (21) day consideration period. This Agreement shall not become effective until the eighth day after you sign it ("Effective Date"), and you may at any time prior to the Effective Date revoke this Agreement by giving notice in writing of such revocation to Rebecca Wui, General Counsel, Philadelphia Museum of Art, P.O. Box 7646, Philadelphia, PA 19101-7646, or Rebecca.wui@visitpham.org. You are advised to consult with an attorney before signing this Agreement. In the event you do not accept this Agreement as set forth above, or if the offer is revoked by the Museum prior to the Effective Date, or in the event you revoke this Agreement during the revocation period, this Agreement, including but not limited to the obligation of the Museum to provide the payment referred to in paragraph 2 above, shall be deemed automatically null and void.

(b)    You may accept this Agreement by signing it and delivering it to Rebecca Wui, General Counsel, Philadelphia Museum of Art, P.O. Box 7646, Philadelphia, PA 19101- 7646, or Rebecca.wui@visitpham.org in the time period specified above. This Agreement will not be effective or accepted if signed by you prior to your Separation Date and/or if modified by you unilaterally without the express written consent/agreement of the Museum.

(c)    This Agreement may be executed in several counterparts, each of which shall be deemed as an original, but all of which together shall constitute one and the same instrument.

19.    Acknowledgments. By signing below, you acknowledge that you: (a) have carefully read this Agreement in its entirety; (b) have had an opportunity to consider the terms of this Agreement for a reasonable period of at least twenty-one (21) calendar days; (c) are hereby advised by the Museum to consult with an attorney of your choice before signing this Agreement; (d) fully understand the significance of all of the terms and conditions of this Agreement and have discussed them with an attorney of your choice, or have had a reasonable opportunity to do so; and (e) are signing this Agreement voluntarily and of your own free will and agree to abide by all the terms and conditions contained herein.

_____

Valarie McDuffie
Date: 2/5/2026


PHILADELPHIA MUSEUM OF ART

By: _____
      Rebecca Wui
Title: General Counsel
Date: 2/5/2026 .

6

Case ID: 260501176

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MAY 2026** |
| E-Filing Number: 2605020506 |

**01176**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VALARIE MCDUFFIE | PHILADELPHIA MUSEUM OF ART |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 107 SAINT ANTHONY LANE<br>FRANKLINVILLE NJ 08322 | 2600 BENJAMIN FRANKLIN PARKWAY<br>PHILADELPHIA PA 19130 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | DANIEL H. WEISS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O PHILADELPHIA MUSEUM OF ART 2600 BENJAMIN<br>FRANKLIN PARKWAY<br>PHILADELPHIA PA 19130 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ELLEN CAPLAN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O PHILADELPHIA MUSEUM OF ART 2600 BENJAMIN<br>FRANKLIN PARKWAY<br>PHILADELPHIA PA 19130 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement<br>[X] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors<br>[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival<br>[ ] Other: _____ |

CASE TYPE AND CODE

1O - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br><br>MAY **08** 2026<br><br>**B. BALILONIS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>VALARIE MCDUFFIE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| STEPHEN C. GOLDBLUM | 2617 HUNTINGDON PIKE<br>HUNTINGDON VALLEY PA 19006 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)887-0200 | (215)887-5356 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 83927 | sgoldblum@sogtlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *STEPHEN GOLDBLUM* | Friday, May 08, 2026, 01:29 pm |

FINAL COPY (Approved by the Prothonotary Clerk)